**F I L E D**

**UNITED STATES COURT OF APPEALS**

**AUG 7 2001**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

vs.

GARY LAMONTE WHITAKER,

    Defendant - Appellant.

No. 00-4158
(D.C. No. 99-CR-03-01-W)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **ANDERSON**, and **KELLY**, Circuit Judges.

Mr. Whitaker appeals from the district court's decision not to hold an evidentiary hearing to determine the validity of a search warrant. We have jurisdiction under 28 U.S.C. § 1291, and affirm.[1]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] Following a partial remand by this court, the district court granted Mr. Whitaker's motion for extension of time in which to file a notice of appeal. I Supp. R. doc. 164. We reserved judgment on the timeliness of this appeal. United States v. Whitaker, Order, No. 00-4158 (10th Cir. filed Jan. 25, 2001). We now hold that Mr. Whitaker's notice of appeal was timely, see Hinton v. City of Elwood, 997 F.2d 774, 778 (10th Cir. 1993), and proceed to the merits.

Background

Mr. Whitaker, along with co-defendant Tracy Tooker, was charged with bank extortion and aiding and abetting after attempting to extort money from two banks in Ogden, Utah. I R. doc. 13. Mr. Tooker was arrested shortly after the second attempted extortion, IV R. at 18, 48-49, and confessed his involvement. I R. doc. 93, ex. 2, at 8. Mr. Whitaker was then arrested. IV R. at 19, 49. Pursuant to a warrant issued by a state magistrate judge, FBI agents searched Mr. Whitaker's apartment.[2] Id. at 51.

The warrant affidavit included a statement by Mr. Tooker after his arrest. Mr. Tooker's initial statement corroborated much of what FBI agents had observed immediately after the attempted extortions. I R. doc. 93, ex. 2. In addition, Mr. Tooker stated that Mr. Whitaker had recruited him to assist in the extortions. Id. at 8.

Mr. Whitaker filed a motion to suppress, which was referred to a magistrate judge. Mr. Whitaker argued that the search warrant was deficient because the warrant affidavit "neglected to reference . . . 1. Tooker's limited mental

---

[2] In the apartment, agents found computer equipment, IV R. at 54, and an extortion note addressed to a Nevada casino next to a computer in the living room. Id. at 59. Agents also found, among other things, tractor-feed computer paper with perforated edges, id. at 66, and duct tape. Id. at 67. The agents seized "a computer with a hard drive and data storage disks," which were the object of Mr. Whitaker's motion to suppress. I R. doc. 88, at 1.

capabilities;  2.  The stressful nature of Tooker's interrogation;  3.  The inconsistencies of Tooker's confession; and  4.  Tooker's recantation of his confession."  I R. doc. 99, at 3; see also id. doc. 88, at 4.  Specifically, Mr. Whitaker alleged that Mr. Tooker was illiterate and had only a seventh-grade education, id. doc. 88, at 1, and was distraught (and even cried) during the interrogation.  Id. at 2.  He also alleged that Mr. Tooker made several inconsistent statements regarding the second extortion attempt.  Id.  Mr. Tooker said that his accomplice was named "Beckstead," that he was to pick up a brown bag (as opposed to a envelope), and that he was to pick up the money from between barricades (as opposed to the fourth break in a retaining wall).  Id.  Finally, after confessing and speaking with his girlfriend by telephone, Mr. Tooker recanted, claiming that he had told the agents what they wanted to hear so that he could make the telephone call.  Id.  Mr. Whitaker requested a hearing under Franks v. Delaware, 438 U.S. 154 (1978).  Id. doc. 87.

The federal magistrate judge denied Mr. Whitaker's request for a Franks hearing, II R. at 18, and recommended that his motion to suppress be denied.  I R. doc. 99, at 11.  Exercising de novo review, 28 U.S.C. § 636(b)(1), the district court affirmed the magistrate judge's denial of the motion, concluding that "even if the omitted information had been included, the search warrant would still have established probable cause to search defendant Whitaker's house and truck."

- 3 -

Aplt. Br. att. B, at 2. Mr. Whitaker was convicted of two counts of bank extortion and aiding and abetting, in violation of 18 U.S.C. §§ 2, 2113(a). I R. doc. 147, at 1. On appeal, Mr. Whitaker argues that the district court erred in refusing to conduct an evidentiary hearing. Aplt. Br. at 6.

Discussion

If the defendant "makes a substantial preliminary showing" that a warrant affidavit contains an intentional or reckless false statement, the Fourth Amendment requires a hearing if the "allegedly false statement is necessary to the finding of probable cause . . . ." Franks, 438 U.S. at 155-56; see also United States v. Kennedy, 131 F.3d 1371, 1376 (10th Cir. 1997). Where material information has been omitted from the affidavit, a hearing is required if a reasonable magistrate judge would not have issued the warrant had the affidavit included the omitted information. Kennedy, 131 F.3d at 1375.

"We review de novo a district court's determination of reasonableness [of a warrant] under the Fourth Amendment," and ask " whether the issuing magistrate . . . had a substantial basis for finding probable cause . . . ." Id. at 1376 (citation and internal quotations omitted). We give "great deference" to that decision. Id. Probable cause exists if, "given all the facts and circumstances set forth in the affidavit before [the state magistrate judge], including the veracity and basis of

knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 1378 (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)) (internal quotations omitted); see also United States v. Cook, 949 F.2d 289, 292 (10th Cir. 1991). The state magistrate judge need only have a "substantial basis for . . . conclud[ing] that a search would uncover evidence of wrongdoing." Kennedy, 131 F.3d at 1378 (quoting Gates, 462 U.S. at 236) (internal quotations omitted) (alterations in original).

In addition to Mr. Tooker's statement, the warrant affidavit recited the following. On January 7, a Bank of Utah branch received a call from a pay phone just north of the bank. I R. doc. 93, ex. 2, at 3. The caller was male. The caller told the bank that there was a note taped to a dumpster located behind the bank. The note was typed on tractor-feed computer paper (with perforated edges) and attached to the dumpster with duct tape. Id. at 4. The branch manager was instructed to take $4,750 by bus to a particular location, where the manager would be given further instructions. Id. at 3. The note stated if the demand was not met, an eight-year-old girl would be kidnaped and killed. Id. at 3-4. Approximately fifteen minutes after the call, officers observed Mr. Tooker in a parking lot west of the bank. Id. at 4-5. Mr. Tooker was watching the bank and then drove his truck south in the parking lot to a grocery store. Id. at 4. Fifteen minutes later,

Mr. Whitaker was observed in the same parking lot in his truck. Id. at 5. He was also watching the bank. Mr. Tooker made a gesture to Mr. Whitaker. Mr. Whitaker remained for approximately a half hour, and then returned to his apartment.

The next day, an Ogden police officer visited Mr. Whitaker's apartment to follow up on previous noise complaints. Mr. Whitaker wrote his telephone number on a piece of tractor-feed computer paper with perforated edges and gave it to the officer. The officer observed a computer and printer in Mr. Whitaker's apartment.

On January 14, a note was discovered on the front door of a First Security Bank branch. The note was attached with duct tape and "instructed the manager to deliver $10,000 to a location just north of the bank." Approximately twenty-five minutes after the note was discovered, Mr. Whitaker was observed in his truck in a parking lot west of the bank. Id. at 7. Mr. Whitaker then proceeded north approximately 100 yards, stopped, and opened the hood of his truck. Five minutes later, Mr. Whitaker drove to the parking lot where the manager was instructed to leave the money. Mr. Whitaker then returned to his apartment.

The bank manager and an FBI agent then left a package in the parking lot where the manager had been instructed to leave the money. Shortly thereafter, Mr. Tooker drove to the parking lot and was arrested. Id. at 7-8. Mr. Whitaker

was then arrested.  Id. at 9.  The arresting agents did a protective sweep of Mr. Whitaker's apartment and observed a computer and two printers.

It is readily apparent that there was enough evidence, independent of Mr. Tooker's statement, to support a finding of probable cause.  Even if the affidavit had disclosed the omitted information, a reasonable state magistrate judge would have still issued the warrant.  We therefore affirm the district court's decision not to hold a Franks hearing.

In so holding, we reject Mr. Whitaker's argument that the district court relied upon the magistrate judge's incorrect statement of the applicable law.  Aplt. Br. at 8; Aplt. Reply Br. at 2.  At the suppression hearing, counsel for Mr. Whitaker stated that the FBI "must tell the judge all of the salient information so the judge can make an impartial decision."  II R. at 9-10.  The magistrate judge responded:

> Where is the law that says that they need to do that?  The law says that they need to establish probable cause, provide sufficient facts to have probable cause for the issuance of a warrant.  That's what the law requires.  That's what the Fourth Amendment requires.  Where does it say they have to tell the judge everything?

Id. at 10.  It should first be noted that the district court reviewed the magistrate judge's recommendation de novo, and, further, that the recommendation did not include a statement to this effect.  In any event, even if the district court's order can be read to have adopted the above statement, the district court did not commit

reversible error. While this statement is inconsistent with <u>Kennedy</u> (insofar as it can be read to mean that police officers may withhold material information from the court in applying for a warrant), <u>see</u> <u>Kennedy</u>, 131 F.3d at 1375, the magistrate judge proceeded to correctly analyze Mr. Whitaker's <u>Franks</u> hearing request, both at the hearing and in his report and recommendation. At the hearing, the magistrate judge repeatedly asked counsel for Mr. Whitaker whether the warrant affidavit, independent of Mr. Tooker's statement, supported a finding of probable cause. II R. at 10, 13, 15-16. The judge posited the same question in the report and recommendation. <u>See also</u> I R. doc. 99, at 9.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge